
# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| DURANGO GEORGIA PAPER COMPANY, | : | |
| Defendant, | : | |
| and | : | |
| H.G. ESTATE, LLC, THE HOWARD GILMAN FOUNDATION, INC., and W.O. CORPORATION, | : | |
| Intervening Defendants. | : | NO. CV205-153 |

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
11:25 A.M.
Oct 31, 2006
Deputy Clerk

## O R D E R

Plaintiff, the Pension Benefit Guaranty Corporation (the "PBGC"), filed suit against Durango Georgia Paper Company ("Durango"), under Title IV of the Employee Retirement Income Security Act of 1974, seeking to establish a termination date of March 1, 2004, for the pension plan sponsored by Durango.

AO 72A
(Rev. 8/82)

On February 8, 2006, Magistrate Judge James E. Graham granted the unopposed motion to intervene in this action filed by H.G. Estate, LLC, the Howard Gilman Foundation, Inc., and W.O. Corporation (the "Gilman entities"). <u>See</u> Local Rule 7.5.

This action is related to litigation currently pending before the Bankruptcy Court for the Southern District of Georgia, Case Nos. 02-21669 & 04-02275. On August 10, 2006, Bankruptcy Judge John S. Dalis entered an order dismissing certain claims in that proceeding. Recognizing that a termination date for the Durango pension plan had not yet been established, and that the matter was being litigated in the district court, Judge Dalis dismissed the pension plan indemnity claim against the Gilman entities, pursuant to 29 U.S.C. § 1369(a).[1] Dkt. No. 47, Ex. A at 16-17.

On September 15, 2005, the PBGC and Durango filed a joint motion to dismiss this action pursuant to Rule 41(a)(2) of the

---

[1]

That section provides, in relevant part:

If a principal purpose of any person in entering into any transaction is to evade liability to which such person would be subject under this subtitle and <u>the transaction becomes effective within five years before the termination date</u> of the termination on which such liability would be based, then such person and the members of such person's controlled group (determined as of the termination date) shall be subject to liability under this subtitle in connection with such termination as if such person were a contributing sponsor of the terminated plan as of the termination date.

Federal Rules of Civil Procedure. In their brief in support, the PBGC and Durango asserted that the Gilman entities would not be prejudiced by dismissal of the action, and maintained that the Gilman entities would remain free to litigate their defenses to liability in the underlying bankruptcy proceeding. Dkt. No. 43 at 6.

On September 21, 2006, the Court granted the joint motion to dismiss. On September 25, 2006, the Intervenors moved to vacate that order, to permit them an opportunity to file a substantive brief in opposition to the motion. The Gilman entities noted that their response was not yet due under Local Rule 7.5, which requires that parties opposing a motion file a response in opposition within fifteen days of service. On October 25, 2006, the Court heard oral argument on the Intervenors' motion.

Notice and opportunity to be heard are the benchmarks of due process. The PBGC and Durango failed to oppose the Giman entities' motion to intervene in this action. Further, at the hearing on the Intervenors' motion to vacate, the PBGC and Durango conceded that dismissal of this action does prejudice the Gilman entities' right to assert their previously

successful defense to liability in the bankruptcy court litigation.

Therefore, the Court's order granting the joint motion to dismiss is **VACATED**. The Intervenors shall file any response in opposition to the joint motion to dismiss within ten days of the date of this order.

**SO ORDERED**, this \_\_\_31st\_\_\_ day of October, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)