# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DURANGO GEORGIA PAPER COMPANY, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| H.G. ESTATE, LLC, THE HOWARD GILMAN FOUNDATION, INC., and W.O. CORPORATION, | : | |
| | : | |
| Intervening Defendants. | : | NO. CV205-153 |

## O R D E R

Plaintiff, Pension Benefit Guaranty Corporation (the "PBGC"), filed suit against Durango Georgia Paper Company ("Durango"), under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking to establish a termination date of March 1, 2004, for the pension plan sponsored by Durango.

AO 72A
(Rev. 8/82)

Presently before the Court is the joint motion to dismiss, filed by the PBGC and Durango. Because ERISA gives Durango and the PBGC the power to set the termination date, the motion will be **GRANTED**.

## BACKGROUND

On February 8, 2006, U. S. Magistrate Judge James E. Graham granted the unopposed motion to intervene in this action filed by H.G. Estate, LLC, the Howard Gilman Foundation, Inc., and W.O. Corporation (the "Gilman entities"). See Local Rule 7.5.

This action is related to litigation currently pending before the Bankruptcy Court for the Southern District of Georgia, Case Nos. 02-21669 & 04-02275. On August 10, 2006, U. S. Bankruptcy Judge John S. Dalis entered an order dismissing certain claims in that proceeding. Recognizing that a termination date for the Durango pension plan had not yet been established, and that the matter was being litigated in the district court, Judge Dalis dismissed the pension plan

indemnity claim against the Gilman entities, pursuant to 29 U.S.C. § 1369(a).[1]  Dkt. No. 47, Ex. A at 16-17.

On September 15, 2005, the PBGC and Durango filed a joint motion to dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  On September 21, 2006, the Court granted the joint motion to dismiss.  On September 25, 2006, the Gilman entities moved to vacate that order, to permit them an opportunity to file a substantive brief in opposition to the motion.  The Court heard oral argument on the motion, and permitted the Gilman entities to file a substantive response.

## DISCUSSION

As noted by Durango and the PBGC, the Gilman entities have no rights that were prejudiced by the agreement between the PBGC and Durango setting the termination date.  Rather, ERISA

---

[1]
> That section provides, in relevant part:
>
> If a principal purpose of any person in entering into any transaction is to evade liability to which such person would be subject under this subtitle and <u>the transaction becomes effective within five years before the termination date</u> of the termination on which such liability would be based, then such person and the members of such person's controlled group (determined as of the termination date) shall be subject to liability under this subtitle in connection with such termination as if such person were a contributing sponsor of the terminated plan as of the termination date.

AO 72A
(Rev. 8/82)

gives the PBGC and the plan administrator the power to set the termination date for single-employer pension plans. 29 U.S.C.A. § 1341 & 1342 (1999).

Where the PBGC institutes involuntary termination proceedings, the plan termination procedure is governed by § 1342. In such an instance, the termination date is established by the PBGC, and may be agreed to by the plan administrator. If the plan administrator and the PBGC cannot agree on a date, the date is established through litigation in a federal district court. 29 U.S.C.A. § 1348(a)(3) & (4) (1999).[2]

Contrary to the Intervenors' argument, the law does not preclude the plan administrator and the PBGC from reaching an agreement as to the termination date after litigation has commenced. Notably, the Intervenors have cited no authority in support of such a proposition. Once the termination date

---

[2] Those provisions provide that:

[T]he termination date of a single-employer plan is —

(3) in the case of a plan terminated in accordance with the provisions of section 1342 of this title, the date established by the corporation and agreed to by the plan administrator, or

(4) in the case of a plan terminated under section 1341 (c) or 1342 of this title in any case in which no agreement is reached between the plan administrator and the [PBGC] (or the trustee), the date established by the court.

has been established, there is no longer any need for judicial resolution of the matter.

Consequently, the Gilman entities have no right to impede establishment of the termination date.  See <u>Jones & Laughlin Hourly Pension Plan v. LTV Corp.</u>, 824 F.2d 197, 200-01 (2d Cir. 1987)(interested parties, such as the Intervenors, have no statutory right to notice of termination date).  In sum, the agreement reached by the PBGC and Durango settled the case, and afforded Plaintiff complete relief.

**CONCLUSION**

For the reasons explained above, the joint motion to dismiss, filed by the PBGC and Durango, is **GRANTED**.

**SO ORDERED**, this ___20th___ day of December, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA